UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES L. COLVIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1709** |
| **TRAVIS DAY** | **SECTION: "I"(5)** |

### REPORT AND RECOMMENDATION

Petitioner, James Colvin, filed the above-captioned petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. He also filed a motion for partial summary judgment. The matter was referred to the undersigned United States Magistrate Judge for a Report and Recommendation.[1] For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies and the motion for partial summary judgment be **DENIED**.

### Factual and Procedural History

Petitioner, James Colvin, is a convicted inmate currently incarcerated at the B.B. (Sixty) Rayburn Correctional Center in Angie, Louisiana. In 1983, he was found guilty by a jury of the crime of armed robbery in the First Judicial District Court for the Parish of Caddo, State of Louisiana. He was sentenced to 80 years at hard labor without benefit of parole, probation, or suspension of sentence. His conviction and sentence were affirmed on direct appeal.[2] *State v. Colvin*, 452 So.2d 1214 (La. App. 2 Cir.), *writ denied*, 457 So.2d 1199

---

[1] Rec. Doc. 5.

[2] Over the years, Colvin has unsuccessfully challenged the legality of his armed robbery conviction and sentence in state and federal court. *State v. Colvin*, 2021-1447 (La. 12/7/2021), 328 So.3d 427; *State v. Colvin*, 2020-0302 (La. 7/24/2020), 299 So.3d 73; *State*

(1984). On August 23, 1986, he escaped from the Louisiana State Penitentiary at Angola, Louisiana. He went on a multi-state crime spree committing various offenses for which he served time in federal prison. On April 22, 2016, he was due to be released from federal custody on supervised parole, but he was transferred to state custody to serve the remainder of his state sentence for armed robbery in Louisiana.[3]

In 2018, Colvin filed his first petition for federal habeas corpus relief under 28 U.S.C. § 2241, seeking relief based upon his improper extradition and the miscalculation of his 80-year armed robbery sentence and estimated date of release, which did not provide the

---

*v. Colvin*, 2017-1840 (La. 2/11/2019), 263 So.3d 420; *James L. Colvin v. Warden Robert Tanner*, Civ. Action No. 19-cv-923 (W.D. La. 2019) (successive 28 U.S.C. § 2254 habeas petition dismissed without prejudice for lack of jurisdiction); *James L. Colvin v. Warden*, Civ. Action No. 14-cv-1017 (W.D. La. 2014) (28 U.S.C. § 2254 habeas petition dismissed with prejudice as untimely). He was denied authorization by the United States Fifth Circuit Court of Appeals to file his second or successive habeas in the Western District of Louisiana. *In re: James Colvin*, No 19-30834 (5th Cir. 2019). Those proceedings are not relevant to this § 2241 federal habeas proceeding. Here, Colvin is not challenging the legality of his underlying state-court armed robbery conviction or sentence, but rather, how his sentence is being computed and executed, under the general habeas authority of 28 U.S.C. § 2241. *See, e.g.*, *Johnson v. Cain*, Civ. Action No. 15-310, 2015 WL 10438640, at *3 (E.D. La. June 4, 2015), *report and recommendation adopted*, 2016 WL 892610 (E.D. La. March 9, 2016) (construing 28 U.S.C. § 2254 petition as § 2241 petition and dismissing Louisiana Department of Corrections' Motion for Summary Judgment as moot and the petition for habeas corpus relief without prejudice for failure to exhaust required state remedies). The Court also notes that under the circumstances the instant petition would not be considered a prohibited second or successive habeas proceeding based on his prior challenges to the underlying conviction and sentence. *See Rogers v. Robinson*, Civ. Action No. 14-1527, 2015 WL 4168696, at *3-4 (E.D. La. July 2, 2015).

[3] A more detailed factual summary may be obtained from Colvin's 2019 federal civil action removed from state court. *Colvin v. James LeBlanc, et al.*, Civ. Action 19-10962 "I" (5), Rec. Doc. 17; *see also Colvin v. LeBlanc*, Civ. Action 18-4982 "I" (5) (E.D. La.). Colvin provides his own factual background in his memorandum in support of the writ of habeas corpus. Rec Doc. 3-1, pp. 8-12 (Statement of Facts).

appropriate credit for time served in federal custody. In that case, Respondent correctly asserted that Colvin had not exhausted available state remedies. Colvin did not dispute that he failed to present the claims to the state courts. Instead, he argued incorrectly that he had no obligation to exhaust the claims in the state courts when challenging the execution of the sentence, or that the first-step administrative grievance forms he filed with Rayburn Correctional Center, through the Administrative Remedy Procedure, complaining of illegal detention and miscalculation of sentence, fulfilled the exhaustion requirements. On August 28, 2018, judgment was entered dismissing his petition without prejudice for failure to exhaust available state-court remedies.[4]

In 2019, Colvin filed a state-court petition for damages in the Twenty-Second Judicial District Court for Washington Parish against James LeBlanc, Department of Public Safety and Corrections Secretary; Brandi LeFeaux, a corrections specialist; Carolyn Wade, Rayburn Correctional Center Records Clerk; and Robert Tanner, Rayburn Correctional Center Warden. In that petition, he sought monetary damages from these defendants for the (1) "unconstitutional interruption" of his federal sentence and his "illegal extradition" from federal custody to Louisiana and (2) "artificial [thirty-year] extension" of his state sentence. Interpreting the lawsuit as raising constitutional claims under Section 1983, Defendants removed the case to federal court. On May 17, 2022, judgment was entered in favor of Defendants dismissing Colvin's suit with prejudice.[5]

---

[4] *Colvin v. LeBlanc*, 18-4982 "I" (5) (E.D. La.) (Rec. Doc. 19).

[5] *Colvin v. LeBlanc*, 19-10962 "I" (5) (E.D. La.) (Rec. Doc. 91).

In 2021, Colvin filed this second federal petition for habeas corpus relief under 28 U.S.C. § 2241, seeking proper calculation of his 80-year armed robbery sentence to reflect credit for (1) time he served in federal custody since the State of Louisiana relinquished primary custody over him in 1987 and (2) increased diminution of sentence or "double good time" pursuant to Act 848 of 1987, which would give him a release date of January 1, 2023.[6] Colvin has also filed a motion for partial summary judgment, numerous supplemental memoranda, and evidentiary exhibits.[7] He argues that summary judgment should be granted with respect to his second claim for relief because his evidence shows that the sentence computations do not afford him the proper credits to which he is entitled under state law, thus leading to an erroneous and falsely extended anticipated release date.[8] Respondent opposed Colvin's motion in his response to the petition for habeas corpus relief

---

[6] Rec. Doc. 3, Petition for Writ of Habeas Corpus (Rec. Doc. 3-1, Memo in Support, pp. 12, 15). The Court notes that Colvin's petition focuses on the purported improper calculation of his sentence and projected date of release. The relief requested is "proper application of good time Act 848 which will make or return my release date back to 2023." Rec. Doc. 3, p. 8. His statement of the case reads, "This case is about the artificial enhancement of my Louisiana state sentence, from 80 years to 110 years and the double good time my sentence is automatically afforded pursuant to Louisiana Act 848." Rec. Doc. 3-1, p. 1. He does not raise an extradition-based claim in this petition.

[7] Liberal leave of court was extended for Colvin to file his supplements. Rec. Doc. 8 (Motion for Partial Summary Judgment); Rec. Doc. 11 (Motion to Introduce Conclusive Evidence in Support of Motion for Partial Summary Judgment); and Rec. Doc. 14 (Motion to Introduce Evidence).

[8] He contrasts the 2017 master record by the DPS&C Corrections Services with a more current annual assessment, and he provides his own calculations as to the conflicting anticipated dates of release. Rec. Doc. 8, pp. 9-10; *see also* Rec. Doc. 14-1, 14-2 (Exhibits A and B).

and contends that Colvin still has not exhausted his state-court remedies with respect to the federal claims raised in his Section 2241 petition.[9] Colvin filed an answer and supplemental answer to the opposition as well as a request for fairness.[10]

**Analysis**

Although the statutory language of 28 U.S.C. § 2241(c) contains no express exhaustion requirement, a federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state courts or by some other state procedure available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Edge v. Stalder*, 83 F. App'x 648, 2003 WL 22976091, at *1 (5th Cir. 2003); *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489–92 (1973). The exhaustion doctrine is applied to section 2241(c) as a matter of comity and is based on federalism grounds to protect the state courts' important independent jurisdictional opportunity to address and initially resolve any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process. *Dickerson*, 816 F.2d at 225. In Section 2241 cases, exhaustion may be excused only under special circumstances. *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489). Exceptions exist if the state remedies are either "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust

---

[9] Rec. Doc. 16.

[10] Rec. Doc. 19 (Answer to Defendant's Response to Petition for Writ of Habeas Corpus); Rec. Doc. 20 (Supplemental Answer to Defendant's Response to Petition for Habeas Corpus); Rec. Doc. 21 (Motion for Fairness).

such remedies would itself be a patently futile course of action." *Montano v. Texas*, 867 F.3d 540, 542-43 (5th Cir. 2017) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). To exhaust his claims in the state courts, a petitioner must fairly present the same claims and legal theories he urges in this federal court to the state courts, all the way through the state's highest court, in a procedurally proper manner. *Baldwin v. Reese*, 124 U.S. 27, 29 (2004) (fair presentation means presentation to "each appropriate state court"); *Mercadel*, 179 F.3d at 275 (a petitioner fails to exhaust a claim when he raises it for the first time in the Louisiana Supreme Court after bypassing the state district and appellate courts).

A challenge to the computation of a sentence requires exhaustion of administrative review under Louisiana's Corrections Administrative Remedy Procedure ("CARP"), La. Rev. Stat. § 15:1171 *et seq.*, and supervisory review of that procedure by the state courts pursuant to La. Rev. Stat. § 15:571.15.[11] The procedure entails the following:

(1) A challenge to the computation of a sentence must first be brought through the Department's administrative grievance process. La. R.S. 15:1176;

(2) Then, if the administrative remedies procedure is unsuccessful, the inmate can seek judicial review in the 19th Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15;

---

[11] *State ex rel. Dalby v. State*, 2016-2259 (La. 4/6/18), 239 So.3d 268.

    (3)      If unsuccessful at the district court level, the inmate can appeal the decision of the 19th JDC to the "appropriate court of appeal." See La. R.S. 15:1177 A(10) and R.S. 13:312(1);

    (4)      Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Supreme Court of Louisiana. La. Code Civ. P. art. 2201; La. Code Crim. P. art. 922.

*Ross v. Louisiana*, Civ. Action No. 18-117, 2018 WL 2110687, at * 1-2 (W.D. La. Apr. 17, 2018) (citing *Peters v. 9th Judicial District Court*, Civ. Action No. 09-1435, 2010 WL 545391, n. 1 (W.D. La. 2010)). Colvin has provided copies of administrative grievance decisions reflecting his efforts to obtain relief under the Department's Administrative Remedy Procedure.[12] However, there is no indication that he pursued the matter with the Nineteenth Judicial District Court or that he sought relief on the claims with the Louisiana First Circuit Court of Appeal or the Louisiana Supreme Court. As the Respondent attests, Colvin has filed no applications for relief in the Louisiana Supreme Court related to the claims he raises in this federal habeas application.[13] Colvin's state-court proceedings related to his armed robbery conviction and sentence have only challenged the legality of his conviction and sentence, not how the sentence is being calculated or executed.

Even though he knew about the Corrections Administrative Remedy Procedure to be followed, as provided to him by the Department of Public Safety and Corrections Offender

---

[12] Rec. Docs. 3-4 (Exhibit C) and 19-1 (Exhibit A). It appears that he initially filed a request for relief in May 2018 (ARP #RCC-2018-238), which was rejected in November 2018 (Second Step Response Form), and then attempted to do so again following his lawsuit in 22nd JDC in 2021 (ARP #RCC-2021-437). The latter was deemed repetitive.

[13] Rec. Doc. 16-1, Exhibit 1 (Affidavit).

posted policy (Rec. Doc. 19-1, Exhibit B), and explained by this Court in rejecting his prior application for habeas corpus relief for failure to exhaust available state remedies, Colvin admits he did not pursue the denial of his administrative remedy grievances.[14] Instead, he filed a suit for monetary compensation against defendants in the Twenty-Second Judicial District Court for Washington Parish.[15] He claims that he believed the answer to his administrative remedy request "came six months after the 45-day limitations period provided by DPSC regulation No. B-05-005(F) (Exhibit B), officially ending the administrative remedy process and rendering any state judicial review of administrative acts moot, simply because there was no timely administrative decision for the 19th Judicial District Commission to review pursuant to La. Rev. Stat. § 15:1177(A)."[16] That erroneous subjective belief does not support an exception to the exhaustion requirement.

The Department of Public Safety and Corrections and each sheriff may adopt an administrative remedy procedure at each of their adult and juvenile institutions, including private prison facilities. La. Rev. Stat. § 15:1171 A. Section B of that statute provides an exclusive remedy for actions involving time computations:

> The department or sheriff may also adopt, in accordance with the

---

[14] Ironically, he cites to a Louisiana First Circuit Court of Appeal decision, *Cox v. Whitley*, 612 So.2d 158 (La. App. 1 Cir. 1992), reversing a lower court ruling from a lawsuit filed in the Nineteenth Judicial District Court, to support his position. Rec. Doc. 3-1, p. 18 and Rec. Doc. 11-1 (Exhibit E). Yet, he refuses to follow the procedures required to obtain the relief he seeks.

[15] Colvin attaches copies of the removed proceedings as an exhibit to his petition. Rec. Doc. 3-5.

[16] Rec. Doc. 19, p. 2.

8

>  Administrative Procedure Act, administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against the state, the governor, the department or any officials or employees thereof, the contractor operating a private prison facility or any of its employees, shareholders, directors, officers, or agents, or a sheriff, his deputies, or employees, which arise while an offender is within the custody or under the supervision of the department, a contractor operating a private prison facility, or a sheriff. *Such complaints and grievances include but are not limited to any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes. Such administrative procedures, when promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows.* All such procedures, including the adult and juvenile offender disciplinary process, promulgated and effective prior to June 30, 1989, shall be deemed to be the exclusive remedy for complaints and grievances to which they apply insofar as federal law allows.

La. Rev. Stat. § 15:1171 B.   Colvin cites to the department regulations promulgated, specifically Section II General Procedure, Subsection F, of the Department's Regulation No. B-05-005, Administrative Remedy Procedure.   That subsection provides:

>  The Administrative Remedy Procedure (ARP) is a process that begins with the offender sending a Request for Administrative Remedy (ARP) to the Warden within 90 days of the alleged event (some exceptions may apply, e.g., time computation issues, ADA and PREA issues, on-going medical issues, etc.).
>
>  The Warden or his designee will respond within 40/five days for PREA from the date the request is received at the First Step utilizing the First Step Response.
>
>  If an emergency complaint alleges that the offender is subject to a substantial risk of imminent sexual abuse, the grievance shall be sent immediately to the unit's PREA Compliance Manager.   The unit PREA Compliance Manager shall provide an initial response within 48 hours of receipt of the grievance outlining any corrective actions warranted and shall issue a First Step Response within five days.   If the offender has been secured and is no longer in danger or imminent harm, the grievance procedure shall proceed as

9

> outlined within the deadlines and time limits stated in the Administrative Remedy Procedure.
>
> The offender may appeal the decision of the Warden to the Secretary of Public Safety and Corrections if he does so within 5 days of receiving the Wardens response.
>
> The Secretary or his designee will render a Second Step Response within 45 days of receipt of the ARP by Headquarters.[17]

Based on this language, Colvin claims that he could not pursue further review in the state courts because the Department did not respond to his complaint timely. The cited language did not bar or moot his ability to pursue the Administrative Remedy Procedure any further in the appropriate state district court. The provision set out above does not address appealing the decision to the state courts. The 45-day time limit Colvin references applies only to the Warden, Secretary, or his designee, and designates the time-period for a response once the request for administrative remedy is received from an offender.

Statutory law provides an entirely different time for an aggrieved offender to file a petition for review in the state courts, which runs from receipt of the adverse decision, and then, restricts such filing to the Nineteenth Judicial District Court. Louisiana Revised Statute 15:1177 provides, in pertinent part:

> A. Any offender who is aggrieved by an adverse decision, excluding decisions relative to delictual actions for injury or damages, by the Department of Public Safety and Corrections or a contractor operating a private prison facility rendered pursuant to any administrative remedy procedures under this Part may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court or, if the offender is in the physical custody of the sheriff, in the district court having jurisdiction in the parish in which the sheriff is located, in the manner hereinafter provided:

---

[17] Rec. Doc. 19-1, Exhibit B.

> (1)(a) Proceedings for review may be instituted by filing a petition for review in the district court within thirty days after receipt of the notice of the final decision by the agency or, if a rehearing by the agency is had or ordered by the court, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all defendants, as provided by law.
>
> La. R.S. 15:1177 A(1)(a).

While the section does not apply for torts or delictual actions for injury or damages, like the one Colvin separately filed in the Twenty-Second Judicial District Court, La. Rev. Stat. 15:1177 (C), these administrative procedures clearly govern this case, where Colvin complains about time computations related to his sentence.

Colvin also incorrectly relies on a district court opinion from the Eastern District of Virginia for the proposition that a prisoner whose appeal deadlines passed because grievance responses were not delivered to him timely had no available remedy under the Prison Litigation Reform Act (PLRA). *McManus v. Schilling*, Civ. Action 07-74, 2008 WL 682577, at *7-8 (E.D. Va. Mar. 7, 2008). The Corrections Administrative Remedy Procedure is a distinct provision with different rules and procedures from the PLRA. *See Hicks v. Department of Public Safety & Corrections*, Civ. Action No. 19-108, 2022 WL 969613, at *5 (M.D. La. Mar. 30, 2022) (rejecting claim that plaintiff failed to exhaust Section 1983 suit based on alleged over detention pursuant to CARP, and distinguishing exhaustion under the PLRA). The case he cites is not controlling and does not support his position that he had no obligation to fully exhaust his available remedies in the state courts pursuant to the procedure outlined in CARP before filing his Section 2241 habeas corpus petition. To the extent he contends that his Twenty-Second Judicial District Court lawsuit for monetary

damages, and the removal of that case to federal court, sufficed for purposes of exhausting his available state remedies for his claims of improper sentence calculation, he is mistaken. He fails to allege any circumstances that would allow him to avoid exhaustion of his administrative remedies in the state courts, and no such grounds exist.[18]

Colvin has made no attempt to present the claims raised in this federal application involving the alleged erroneous computation of his sentence in the Nineteenth Judicial District Court, much less the state court appellate levels. Before he may attack the improper calculation of his sentence and estimated release date based on the denial of credit for time served in federal custody or failure to credit good-time under state law, he must demonstrate exhaustion of all remedies available through the Louisiana state courts. Colvin has made no such showing. For this reason, Colvin's Section 2241 petition should be dismissed without prejudice for failure to exhaust state-court remedies. *See Cornwell v. Cain*, Civ. Action No. 12-2782, 2013 WL 5673565 (E.D. La. Oct. 16, 2013) (§ 2241 petition dismissed without prejudice for failure to exhaust available state remedies) (Order adopting Report and Recommendation) (Africk, J.); *Lastie v. Travis*, Civ. Action No. 08-189, 2008 WL 2794665, at *1-2 (E.D. La. July 18, 2008) (§ 2241 petition alleging improper calculation of release date dismissed without prejudice for failure to exhaust available state remedies) (Order adopting Report and Recommendation) (Africk, J.).

---

[18] Despite Colvin's fears otherwise (Rec. Doc. 21), the Court has thoroughly reviewed Colvin's answers and considered his arguments in response to the State's claim that he failed to exhaust his available state-court remedies.

**RECOMMENDATION**

**IT IS RECOMMENDED** that Colvin's application for federal habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies and that his Motion for Partial Summary Judgment be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[19]

New Orleans, Louisiana, this   23rd   day of            May           , 2022.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[19] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.